SOBRINOS DE EZQUIAGA v. MUNÍTIZ.

APPEAL from the District Court of Guayama.

No. 78.—Decided March 16, 1906.

APPEAL—EVIDENCE—STATEMENT OF FACTS—BILL OF EXCEPTIONS.—The Supreme Court will not consider the insufficiency of the evidence introduced at the trial, unless it is submitted in the form of a bill of exceptions or statement of facts, and the stenographer's notes will not be accepted in lieu of these documents.

ID.—Where there are different elements which taken together have helped the trial judge to arrive at a conclusion in regard to the facts argued on the trial, the appellate court cannot consider some of these elements and exclude others, but must also consider them all together.

Unlawful Detainer—Payment of Taxes.—The payment of the taxes imposed upon certain properties by one in actual possession thereof cannot be considered as rental or payment to the owner of the properties.

Id.—Previous Notice.—The previous notice which the former law of Civil Procedure required in the cases of unlawful detainer is a formality not required by the law of March 9, 1905, concerning the procedure in actions of unlawful detainer.

The facts are stated in the opinion.

*Mr. López Landrón* for appellant.

*Messrs. Acuña and Méndez* for respondent.

Mr. Justice Hernández delivered the opinion of the court.

The commercial firm of Sobrinos de Ezquiaga, doing business in this city, brought an action of unlawful detainer in the District Court of Guayama on June 3d of last year, against Modesto Munítiz Aguirre, praying that the latter be adjudged to vacate, within a period of twenty days, a number of rural estates described in the complaint, and two urban estates belonging to the said firm, which had acquired the last two from José Alegría Leonet under public deed of sale executed on May 3, 1902, and the first named from Munítiz himself, under public deeds of sale executed on May 19, 1900; which estates, both rural and urban, had been in the possession of Munítiz at sufferance since the dates of the respective contracts, utilizing the products of the rural estates and renting and collecting the rentals of the urban estates, without paying any rental or lease to the plaintiffs, and without any expenditure on his part except the payment of the taxes assessed against said estates.

Modesto Munítiz Aguirre, in answering the complaint, acknowledged that the plaintiff company was the owner of the rural and urban estates; but he denied that he possessed them at sufferance, and alleged that he possessed them under an agreement with Sobrinos de Ezquiaga, who had agreed with Munítiz that he should continue in the tenancy or natural possession of said real property as usufructuary, enjoying and possessing it, and giving in exchange, as compensation or rental, the payment of the taxes, the insurance, the expense

of administration and care, and the improvements, until a. purchaser therefor should appear, without such tenancy or possession in good faith having been terminated.   This agreement had been observed without the slightest disagreement between the parties for more than four years, until, without any prior private notice or the slightest insinuation, Sobrinos de Ezquiaga surprised Munítiz with the action of unlawful detainer.

The hearing having been had, the judge of the District Court of Guayama rendered the following judgment:

"This cause came on to be heard on June 12, 1905, the hearing. having been attended by the plaintiffs and the defendant, represented by counsel, both parties having announced that they were prepared for trial.   The court heard the complaint and the answer of the defendant, whereupon the plaintiff submitted to the court documentary evidence consisting of eight public instruments marked with letters A to 'H, inclusive, which were accepted by the defendant; and further proposed the testimony of witnesses.   The defendant submitted to the court as evidence five tax receipts and three letters from Sobrinos de Ezquiaga, and also proposed the testimony of witnesses. The court ordered the documentary evidence presented by the parties to be filed with the record, and set the 21st instant for the continuation of the hearing, June 21, 1905, being the day set for the hearing of the evidence proposed by the parties in this action; the plaintiffs and the defendant appeared represented by their counsel.   Thereupon the evidence of the witnesses for the plaintiff was heard, witnesses Juan José Arzuaga, Francisco Fernández and Silvestre Feijoo, having been examined under oath, and the testimony of witness, José López Sárate, taken by deposition before the municipal judge of the city of San Juan, was presented to the court.   The witnesses for the defendant were then heard, Juan José Arzuaga, López Ma. Delgado and Andrés Nuñez testifying under oath.   The court, after hearing the arguments of counsel, reserved judgment.   On this 30th day of June, 1905, the court holds that the law and the facts are in favor of the plaintiffs and, therefore, sustains the dispossession sought by the plaintiffs, and orders that the defendant vacate the estates in question within the period of twenty days, with the warning that he will be ejected therefrom by the marshal of this court, should he fail to do so within the time fixed, with the costs against the defendant;

and it is ordered that execution issue against his property for the satisfaction of this judgment. Done, pronounced and published in open court, this 30th day of June, 1905.—Charles E. Foote, judge of the district court. Attest: Francisco Morales, clerk of the court.

"Entered this 30th day of June, 1905.—Morales, clerk."

From this judgment Modesto Munítiz Aguirre took an appeal to this Supreme Court, in which he has presented copies of the documents on which he seeks to base his right, certified to by the attorney who represents him, and copies of the testimony of the witnesses, certified to by the stenographer or reporter of the Guayama court, without any bill of exceptions or statement of facts being included among said copies.

Counsel for the appellant maintains in his brief that the possession by Munítiz of the estates referred to in the complaint of unlawful detainer, is not possession at sufferance, but by virtue of a bilateral contract entered into with Sobrinos de Ezquiaga for a valuable consideration, and in support of his allegation he submits for examination the testimony of the witnesses embodied in the notes of the reporter of the Guayama court; while the respondent alleges, on the contrary, and attempts to show by the evidence taken at the trial, that Munítiz holds the estates referred to in the complaint at sufferance.

The evidence taken at the trial, as revealed by a mere perusal of the judgment transcribed, was documentary evidence, consisting of public and private documents and oral evidence, or the testimony of witnesses; and such evidence, considered as a whole, served as the basis upon which the trial court held that the law and the facts were in favor of the plaintiff.

This court has repeated on a number of occasions that the reporter's notes, containing the testimony of the witnesses, lack legal sufficiency and value to show in an authentic manner what the witnesses have testified, and that the material sections of their testimony, taken from said notes,

should be embodied in a bill of exceptions or statement of facts, in accordance with the provisions of section 214 of the Code of Civil Procedure, in the event that the exception to the judgment is based on the insufficiency of the evidence. Therefore, we cannot take into consideration the result of the evidence of the witnesses heard in this action.

Nor can we examine the documentary evidence on the assumption that we are authorized to do so without a bill of exceptions or statement of facts, which we do not now discuss, because the judgment court has reached a final conclusion weighing the various elements of proof brought to the trial, and the appellate court cannot consider some of these elements and exclude others.

This doctrine has been announced by this Supreme Court in decisions rendered in the following cases: That of *Cora May Belden de Smith* v. *Gabriel González García et al.,* under date of the 9th instant; of *Juan Ignacio Caloca* v. *José L. Vilaseca et al.,* on the 12th instant; of the *Carmelite Nuns* v. *Manuel F. Rossy,* under date of yesterday; and that of José *Y. Acevedo* v. *Pantaleón Anez,* also on said date.

We must therefore accept the fact that Munítiz held at sufferance the estates described in the complaint of which Sobrinos de Ezquiaga are the owners, for the reason that it has not been show in a proper manner that the lower court has erred.

The fact that such possession was possession at sufferance cannot be considered as contradicted by the fact alleged in the complaint, that Munítiz paid the taxes assessed against the estates, because such payment cannot be qualified as rental or payment with respect to the owner.

Upon examining the Act of the Legislative Assembly of March 9th of last year, relating to actions of unlawful detainer, we do not find any direct or implied provision whatsoever which imposes as a formality in the action the prior notice which subdivision 3 of article 1563 of the former Law of Civil Procedure specifically required in similar cases. The

new law did not mention such formality and, therefore, there is no doubt that the intention was to omit it. Failure to give such notice cannot be considered as a cause for annulment.

For the reasons stated, the judgment appealed from should be affirmed in all respects, with the costs of the appeal likewise against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Figueras and Mac-Leary concurred.

Mr. Justice Wolf did not sit at the hearing in this case.